IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MAXINE A. WADE                                                    PLAINTIFF


          v.                          CIVIL NO. 07-5100


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                    DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        Plaintiff Maxine A. Wade brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).

### Procedural Background:

        The applications for DIB and SSI presently before this court were filed on November 26,

2004, alleging an inability to work since November 1, 2004, due to chronic back pain, pain and

numbness in the left lower extremity, mild scoliosis, mild degenerative disc disease, Hepatitis

B, status post repair of periumbilical hernia, urinary frequency, obesity and asthma and allergies.

(Tr. 46, 271). An administrative hearing was held on June 20, 2006. (Tr. 276-306). Plaintiff was

present and represented by counsel. With regard to plaintiff's DIB application, plaintiff

maintained insured status through December 31, 2005. (Tr. 12).

By written decision dated September 15, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 14). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry twenty pounds occasionally and ten pounds frequently; to push and/or pull the same amounts; to stand and/or walk for two hours in an eight-hour workday; to sit for six hours of an eight-hour workday; and to occasionally stoop, squat, crouch, crawl, and climb. The ALJ further found plaintiff should avoid concentrated exposure to dust, fumes, smoke, chemicals and temperature extremes. (Tr. 16). With the help of vocational expert testimony, the ALJ found plaintiff could perform her past relevant work as a deputy docket clerk and a bank clerk. (Tr. 18).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on March 30, 2007. (Tr. 3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 6,7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

3

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

      After reviewing the record, the undersigned is particularly trouble by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,*

353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ determined plaintiff was able to perform a wide range of sedentary to light work. In making this determination, the ALJ relied on a RFC assessment dated March 23, 2005, completed by a non-examining medical consult opining plaintiff could perform light exertional work activity. (Tr. 137-144). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

There is no assessment of plaintiff's capabilities after this date. This is troubling especially because after March of 2005, plaintiff continued to consistently report pain in her left leg, numbness over her left foot and back pain. Plaintiff was even diagnosed with peripheral neuropathy in May of 2005. (Tr. 202-203). With regard to plaintiff's leg pain and foot numbness, medical records show plaintiff consistently reported these problems since undergoing her hysterectomy in November of 2004. (Tr. 99, 107-109, 184, 186, 195, 202-203, 206, 216, 227, 240-241, 249, 266). In August of 2005, plaintiff reported an increase of pain and numbness in her lower left extremity. (Tr. 206). The examiner noted plaintiff's symptoms suggested S1 radiculopathy and recommended plaintiff undergo EMG studies of the lower left extremity.[1] (Tr. 207). Plaintiff continued to report pain and numbness to her treating physicians after she was evacuated to Arkansas, but there is no indication plaintiff underwent this recommended testing. There is also no medical opinion regarding plaintiff's alleged left leg and foot pain and numbness after being diagnosed with peripheral neuropathy, possible S1 radiculopathy and persistent

---

[1]The record indicates plaintiff was to undergo this testing on September 19, 2005. (Tr. 194).

5

neuralgia of this extremity. We do not find substantial medical evidence in the record to support the ALJ's determination regarding plaintiff's left leg and foot pain and numbness and her ability to perform the activities set out in the ALJ's RFC determination.

With regard to plaintiff's alleged tinnitus, the ALJ noted plaintiff's complaints of tinnitus but found no objective evidence to support this claim. (Tr. 16). Plaintiff testified she had experienced ringing in her ears for years and that it was becoming increasingly louder. (Tr. 295). She also testified she was scheduled to undergo testing but had not undergone the testing prior to her forced move in August of 2005. (Tr. 296). The record establishes plaintiff did complain of tinnitus in her ears to her treating doctors in May of 2005, and was referred to a specialist. (Tr. 203, 216, 227).

In his decision, the ALJ noted the lack of medical evidence. A review of the record shows plaintiff had been seeking treatment in New Orleans prior to the destruction caused by Hurricane Katrina in August of 2005. A letter dated January 10, 2006, from the LSU Health Sciences Center, states many of plaintiff's medical records were lost in the flooding caused by the storm. (Tr. 146). While it is proper for the ALJ to report the lack of medical evidence, the ALJ should have also noted that the lack of medical records was not necessarily due to the lack of seeking treatment but rather the destruction of plaintiff's records. Further, the records that were recovered indicate plaintiff was scheduled to undergo further testing, in particular EMG testing of the lower left extremity. Based on the record before this court and the above discussion, we do not fund substantial evidence of record to support the ALJ's RFC determination.

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have

6

evaluated and/or treated plaintiff–including, Drs. Martha K. Morgan, Michael L. Rogers and Linda Mathison-Ezieme --asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question.  *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The record is a little ambiguous regarding plaintiff's Hepatitis B and possible limitations caused by this impairment. We suggest the ALJ request the above physicians, in particular Dr. Rogers, to specifically address this impairment and any resulting limitations in plaintiff's abilities to perform activities of daily living.

The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain (including EMG studies of the lower left extremity), and complete a medical assessment of plaintiff's ability to perform work related activities.  *See* 20 C.F.R. §§ 404.1517, 416.917.

After the above evidence has been obtained, the ALJ should then re-evaluate plaintiff's RFC and re-question the vocational expert based on the new RFC assessment.

Finally, with regard to plaintiff's past relevant work. The court would note plaintiff testified that she only worked as a deputy docket clerk for six months and never really understood her job fully. (Tr. 284). When determining plaintiff could perform her past relevant work the ALJ failed to address plaintiff's testimony regarding her work in this job when he found plaintiff could return to her past relevant work.  Should the ALJ find plaintiff able to perform her

past relevant work as a deputy docket clerk, we strongly suggest the ALJ address plaintiff's testimony regarding her work as a deputy docket clerk.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of March 2008.


/s/        *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)