IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MAXINE A. WADE                                                              PLAINTIFF

v.                              CIVIL NO. 07-5100

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Maxine A. Wade appealed the Commissioner's denial of benefits to this court. On April 17, 2008, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 10). On July 22, 2008, plaintiff filed a motion for an award of $3,405.38 in attorney fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 20.33 attorney hours of work before the court at an hourly rate of $165.00 in 2007, and $166.25 in 2008, and $45.62 in expenses. (Doc. No. 13-14). Defendant filed a response, objecting to the hourly rate requested. (Doc. No. 13).

A request for an award of attorney's fees and costs under the EAJA may be filed up until 30 days after the judgment becomes "not appealable" i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993); 28 U.S.C. §§ 2412(d)(1)(B),(d)(2)(G). Therefore, to be timely, a request for attorney fees under the EAJA should have been filed no later than July 16, 2008. Plaintiff's counsel filed this petition requesting attorney's fees under the EAJA on July 22, 2008.

**AO72A**
**(Rev. 8/82)**

Since plaintiff's counsel filed the petition for fees after the deadline for filing said petition had expired, we recommend denying plaintiff's request for attorney fees under the EAJA as untimely.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

IT IS SO ORDERED this 20th day of August 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)